Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7864 | **DATE** | 10/12/12 |
| **CASE TITLE** | Darryl Lester Lewis vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is ordered to show good cause in writing why this case should not be dismissed as untimely. Failure to show cause within twenty-one days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this action as time-barred.

■ **[For further details see text below.]**                                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a former federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that the defendants, officials at the U.S. Penitentiary in McCreary, Kentucky, violated the plaintiff's constitutional rights by failing to protect him from an attack by a fellow inmate. Under 28 U.S.C. § 1391(e)(1)(C), the plaintiff may bring suit in this district because he resides here. However, the plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as untimely.

In Illinois, there is a two-year statute of limitations for "*Bivens*" actions under 28 U.S.C. § 1331. *See, e.g., Perry v. Dorger*, No. 04 C 4102, 2005 WL 2387684, *2 (N.D. Ill. Sep. 26, 2005) (Plunkett, J.) (citing *Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996)); *see also Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).

Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). In the case at bar, the plaintiff alleges that he was assaulted in April 2009, but he waited until October 2012, some three and a half years later, to initiate suit.
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Furthermore, any attempt to identify the "John Doe" defendants at this point would appear to be futile. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012) (Guzmán, J.).

For the foregoing reasons, the plaintiff is ordered to show good cause in writing why this case should not be dismissed on preliminary review as untimely. Failure to show cause within twenty-one days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this action as time-barred.

**As a final concern, the plaintiff is advised that he is required to provide the court with the original plus a judge's copy of every document filed.**