# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7864 | **DATE** | 10/17/2012 |
| **CASE TITLE** | Darryl Lester Lewis vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for appointment of counsel [6] is denied, without prejudice. On the court's own motion, the plaintiff is granted an extension of time until November 9, 2012, to show good cause in writing why this case should not be dismissed as untimely. Failure to show cause by November 9, 2012, will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this action as time-barred.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a former federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that the defendants, officials at the U.S. Penitentiary in McCreary, Kentucky, violated the plaintiff's constitutional rights by failing to protect him from an attack by a fellow inmate in April 2009.

By Minute Order of October 12, 2012, the court ordered the plaintiff to show good cause in writing why the complaint should not be dismissed as untimely. Rather than responding to the order, the plaintiff has filed a motion for appointment of counsel.

The motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Furthermore, as noted in the show cause order, the plaintiff's claims appear to be untimely. In addition, the plaintiff has alleged no physical or mental disability that might preclude him from responding to the show cause order. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

On the court's own motion, the plaintiff is granted an extension of time until November 9, 2012, to respond to the show cause order. Failure to show cause by November 9, 2012, will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this action as time-barred.

**As a final concern, the plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.** In the future, the court may strike without considering any document filed that fails to comport with this basic filing rule.