Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7864 | **DATE** | 11/28/12 |
| **CASE TITLE** | Darryl Lester Lewis vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [3] is denied. The complaint and amended complaint are summarily dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) as untimely. The case is terminated.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a former federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that the defendants, officials at the U.S. Penitentiary in McCreary, Kentucky, violated the plaintiff's constitutional rights by failing to protect him from an attack by a fellow inmate while he was incarcerated.

By Minute Order of October 12, 2012, the court ordered the plaintiff to show good cause in writing why the complaint should not be dismissed as time-barred. Having considered the plaintiff's response and amended complaint, the court remains satisfied that this case is untimely.

As discussed in the court's prior order, there is a two-year statute of limitations in Illinois for "*Bivens*" actions under 28 U.S.C. § 1331. *See, e.g., Perry v. Dorger*, No. 04 C 4102, 2005 WL 2387684, *2 (N.D. Ill. Sep. 26, 2005) (Plunkett, J.) (citing *Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996)); *see also Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). In the case at bar, the plaintiff alleges that he was assaulted in April 2009, but he waited until October 2012, some three and a half years later, to initiate suit.

As also observed in the court's prior order, any attempt to identify the "John Doe" defendants at this time would, in any event, be futile. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c)
**(CONTINUED)**

mjm

to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012) (Guzmán, J.). [The plaintiff offers no basis for suing the only named defendant, Associate Warden McLead.] The plaintiff simply waited too long to commence suit.

In response to the court's show cause order, the plaintiff seems to indicate that he was under the mistaken impression that a law firm had initiated suit for him. Unfortunately, the plaintiff's explanation is not a cognizable ground for equitable tolling. Illinois law governs whether the plaintiff is entitled to equitable tolling in cases where the federal courts "borrow" the state statute of limitations. *See, e.g., Shropshear v. Corporation Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). Under Illinois law, equitable tolling of the statute of limitations may be appropriate "if defendant has actively misled plaintiff; plaintiff in some extraordinary way has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum." *Block v. Pepper Const. Co.*, 304 Ill. App. 3d 809, 816-17 (1999) (citations and internal quotations omitted); *accord, Thomas v. City of Chicago*, No. 07 C 4969, 2009 WL 1444439, *4 (N.D. Ill. May 21, 2009) (Dow, J.); *Orange v. Burge*, 451 F. Supp. 2d 957, 963 (N.D. Ill. 2006) (Holderman, J.). A plaintiff may also be entitled to equitable tolling when "despite the exercise of due diligence and through no fault of his own, [he] cannot determine information essential to bringing a complaint." *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998).

This case meets none of those criteria. The defendants cannot be faulted for the delay; even assuming that the plaintiff's own, would-be attorneys somehow misled him, that is not a basis for tolling the statute of limitations. If the plaintiff believes that those attorneys are responsible for not filing suit in a timely manner, any cause of action against them for legal malpractice would lie in state court.

As an additional concern, the plaintiff's response seems to suggest that a law firm already obtained a $3,000 settlement for him. The court cannot find a prior federal lawsuit filed by the plaintiff relating to the same sequence of events underlying this lawsuit. Nevertheless, it should be noted that the doctrine of *res judicata* would preclude the plaintiff from relitigating the matter if his claims were previously settled, *see 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 530 (7th Cir. 2000), or decided on the merits, *see, e.g., Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006), in either state or federal court. However, as the complaint is being dismissed as untimely, the court need not determine whether *res judicata* applies.

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is denied. The original and amended complaints are summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). The case is terminated.